J-S14001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.A.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: C.H., MOTHER | : | |
| | : | |
| | : | No. 3187 EDA 2018 |

Appeal from the Order Dated September 27, 2018
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-AP-0000466-2018,
FID: 51-FN-472299-2009

| | | |
|---|---|---|
| IN THE INTEREST OF: A.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: C.H., MOTHER | : | |
| | : | |
| | : | No. 3188 EDA 2018 |

Appeal from the Order Dated September 27, 2018
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-DP-0000547-2017,
FID: 51-FN-472299-2009

BEFORE: LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 08, 2019**

_____

\* Retired Senior Judge assigned to the Superior Court.

C.H. (Mother) appeals from the trial court's September 27, 2018 order[1] involuntarily terminating her parental rights[2] to her minor child, A.A.B. (Child), a/k/a A.B (born 2/2017).  After careful review, we affirm.[3]

On March 2, 2017, just weeks following Child's birth, Mother voluntarily surrendered Child to the Department of Human Services (DHS), stating that she was overwhelmed, unable to care for Child, and wanted him to be placed in a foster home temporarily.[4]  On March 3, 2017, DHS obtained an order for protective custody and placed Child in foster care.  Child remained in the same foster care placement through the date of the termination hearing.  Child was adjudicated dependent on May 8, 2017.  *See* 42 Pa.C.S.A. § 6302(1).[5]  The trial court granted Mother line-of-sight visitation twice a week.  Mother was

_____

[1] The court titles the September 27, 2018 ruling as a "Decree of Involuntary Termination of Parental Rights."  The second page of the decree, however, is titled "Order of Court."  Because Mother attaches the second page of the order to her notice of appeal, we refer to the appeal as being taken from an order throughout our decision.

[2] The court also terminated putative Father's parental rights to Child.  He is not involved in the instant appeal.

[3] On November 26, 2018, our Court *sua sponte* consolidated these appeals, finding that they involve related parties and issues.  *See* Pa.R.A.P. 513.

[4] The Community Umbrella Agency (CUA) had been providing Mother with in-home services to address Mother's bipolar and anxiety disorders.

[5] In DHS's dependency petition, DHS alleged that Mother had taken A.A.B. to the hospital emergency room six times for non-emergent reasons, exposing him to illness.

given the following service plan objectives to reunify with Child: attend supervised weekly visits with Child; obtain housing; engage in mental health treatment; and attend parenting classes.

On June 4, 2018,[6] DHS filed a petition to terminate Mother's parental rights to Child pursuant to sections 2511(a)(1), (2), (5), (8), and (b) of the Adoption Act.[7] On June 21, 2018, the court held a permanency hearing finding that Mother had attended three out of the last nine visits and that she was receiving mental health therapy; Child continued to be placed in foster care and the concurrent goal remained reunification/adoption. **See** Permanency Review Order, 6/21/18, at 1. On September 27, 2018, the court held a termination hearing where Child was represented by legal counsel, Lisa Visto, Esquire, and guardian *ad litem*, Shareen Ginyard. **See** 23 Pa.C.S. § 2313(a) (children have statutory right to counsel in contested involuntary termination proceedings) and **In re K.R.**, 2018 PA Super 334 (Pa. Super. filed Dec. 10, 2018) (en banc) **but see In Re: T.S., E.S.**, 2018 Pa. LEXIS 4374, 2018 WL 4001825, at *10 (Pa. filed Aug. 22, 2018) ("[D]uring contested termination-of-parental-rights proceedings, where there is no conflict between a child's legal and best interests, an attorney-guardian *ad litem* representing the child's best interests can also represent the child's legal interests.").

_____

[6] At the same time, DHS also filed a petition for goal change to adoption. However, we note that a court-ordered goal change is not a condition precedent to the filing of a petition to terminate parental rights. **See in re Adoption of S.E.G.**, 901 A.2d 1017 (Pa. 2006).

[7] 23 Pa.C.S. §§ 2101-2910.

Hamar Jallab, a CUA case manager, testified at the termination hearing that he had been assigned to the family in March of 2017, had referred Mother to parenting counseling, and re-referred Mother to counseling when she was dismissed from the parenting center for failure to participate.

At the time of the termination hearing, Mother was living in shelters, had only attended eight out of 23 supervised visits with Child since March 2017, had not completed parenting classes, and was inconsistent with her mental health treatment. Overall, Mother did not complete her service plan objectives and admitted that she had never called DHS to find out how Child was. At the conclusion of the hearing, the trial judge stated the following: he found Child had no bond with Mother; foster parent had been the sole caretaker of Child for 18 out of his 19 months of life; Mother is not capable of parenting and it does not appear that she will have any stable housing in the future. Mother, whom the court found credible, admitted that she has no housing. N.T. Termination Hearing, 9/27/18, at 48-49. Finally, the trial judge opined that it was in Child's best interest for the permanency goal to be changed to adoption and for Mother's parental rights to be terminated under section 2511(a)(1), (2), (5), (8), and (b).

Mother filed a timely notice of appeal[8] and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Mother presents the following issue for our consideration:

(1)     Whether the trial court erred by terminating the parental rights of [] Mother under 23 Pa.C.S.[] [§] 2511(a)(1), (a)(2), (a)(5), and (a)(8)?

(2)     Whether the trial court erred by finding under 23 Pa.C.S. [] [§] 2511(b) that termination of [] Mother's parental rights best serves the child's developmental, physical and emotional needs and welfare.

_____

[8] Before we review the substantive issues presented by Mother on appeal, we must first address a procedural question. In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), our Supreme Court recently held:

[I]n future cases [Pa.R.A.P.] 341(a) will, in accordance with it Official Note, require that when a **single order resolves issues arising on more than one lower court docket**, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.

***Id.*** at 977 (emphasis added). Here, Mother filed two notices of appeal from two separate docket numbers, one from the dependency (goal change) matter and the other from the adoption (termination) matter. However, the order from which Mother appeals, entered on September 27, 2018, only lists the adoption docket number (CP-51-AP-0000466-2018) and resolves only the issue regarding the termination of Mother's parental rights to Child pursuant to 23 Pa.C.S. §§ 2511(a)(1), (2), & (b). ***See*** Decree of Involuntary Termination of Parental Rights/Order of Court, 9/27/18, at 2. As part of the termination process, the order also permits the adoption of Child to proceed without Mother's consent and transfers custody of Child to DHS. ***Id.*** at 2. The order does not resolve any issues with regard to dependency. Therefore, because the order does not resolve issues arising from anything but the lower court's adoption docket, i.e., issues relating to terminating parental rights, and Mother has, in an abundance of caution filed two separate notices of appeal, we need not quash the appeal under ***Walker***.

Appellant's Brief, at 5.[9]

We review a trial court's decision to involuntarily terminate parental rights for an abuse of discretion or error of law. *In re A.R.*, 837 A.2d 560, 563 (Pa. Super. 2003). Our scope of review is limited to determining whether the trial court's order is supported by competent evidence. *Id.*

After a comprehensive review of the record, the parties' briefs on appeal, and relevant case law, we have concluded that the trial court adequately disposes of Mother's issues on appeal. We, therefore, rely upon the opinion authored by the Honorable Vincent Furlong to affirm the trial court's order involuntarily terminating Mother's parental rights to Child pursuant to 23 Pa.C.S. §§ 2511(a)(2) & (b). *See* Trial Court Opinion, 12/11/18 (termination proper where court found: Mother made minimal to no progress in addressing and completing service plan objectives; Mother was still without housing and living from shelter to shelter at time of hearing; Mother attended less than 35% of supervised visits with Child; Mother was not receiving mental health treatment for pre-existing bipolar and anxiety disorders; caseworker testified Child would not suffer irreparable harm if Mother's parental rights were terminated; Child's sole caregiver and provider was foster parent with whom he has lived since the age of two months; no demonstrated bond between Mother and Child; and goal change to adoption would be in Child's best interest). Thus, we conclude, based on competent

_____

[9] Mother's sole issues on appeal concern termination of her parental rights. Goal change has not been raised or argued in Mother's brief.

evidence in the record, the trial court's decision to involuntarily terminate parental rights was neither an abuse of discretion nor an error of law. ***In re A.R.***, ***supra***. The parties are directed to attach a copy of the trial court opinion in the event of further proceedings in the matter.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/19